IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEWAY ALEMAYEHU | :<br>:<br>: |
| Plaintiff/Counter-Defendant, | :<br>: |
| v. | :   Case No.: 1:16-cv-00596<br>: |
| BELAY ABERE, *et al.*, | :<br>: |
| Defendant/Counter-Plaintiff. | : |

## MEDIATION REPORT

**COMES NOW** the Plaintiff herein, and through undersigned Counsel reports to the Court on the progress the parties have made in terms of mediation. Approximately one year ago Plaintiff's counsel suggested to Defense counsel that since this was a lawsuit about numbers basically, it would be appropriate to turn this matter over to a mediator. We discussed the fact that we would each turn over financial information to the other party concerning the operation of the restaurant and what funds each party put into the restaurant enterprise.

Plaintiff's counsel promptly provided Defense counsel with a spreadsheet showing what monies the Plaintiff had put into the restaurant. Although promised to do so, Defense counsel has yet to provide Plaintiff with a single sheet of paper concerning the operations of the restaurant and the monies his client had put into the restaurant enterprise. He deems all this now to be irrelevant. I told him that unless I had that information I would not be in a position to advise the client as to a settlement number. Client has put substantial funds into the restaurant enterprise [approximately $460,000], and has yet to receive any return on his investment, despite an agreement to do so.

1

In an effort to keep the mediation session on schedule, Plaintiff discussed the matter with the mediator. Informed what the issue was—i.e. Plaintiff has no documents sent from Defense Counsel, he said that he could not mediate a discovery dispute concerning the operation of the restaurant or the money that either client put into the restaurant. It appeared that the mediator was in agreement with Plaintiff's counsel that an exchange of financial information and documents and information pertaining to the operation of the restaurant and nightclub should be exchanged before mediation. Again, Plaintiff has not received a single piece of paper detailing what Defendant put into the restaurant or a single piece of paper detailing the restaurant operations for approximately 15 months.

Since this issue will no doubt come to the attention of the court, the Plaintiff wants to explain that the Defendant tried to backdoor the Plaintiff with a deposition. Defense Counsel never asked Plaintiff's counsel if a particular date was satisfactory, or even if his client could turn up at the deposition. Also he noticed it at Plaintiff Counsel's conference room, however, Plaintiff's counsel never gave him permission to conduct the deposition at his office, and never even discussed that possibility. As this Court knows, Plaintiff has no obligation to supply an attorney who primarily practices in Maryland with a deposition *situs*. Plaintiff's counsel has recently emailed him and said as long as he is given proper notice, Defense Counsel should provide him with dates for the deposition, and also dates for his client's deposition.

Respectfully submitted,

MARTIN F. McMAHON & ASSOCIATES

By:     /s/
      Martin F. McMahon (D.C. Bar No. 196642)
      1150 Connecticut Avenue, N.W., Suite 900
      Washington, D.C. 20036
      (202) 862-4343
      mm@martinmcmahonlaw.com

      Attorney for Plaintiff/Counter-Defendant
      Neway Alemayehu

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of January, 2017, a copy of the foregoing was mailed, first class, postage prepaid, and served by electronic means to the following person(s):

E. Andrew Cole
25 West Middle Lane
Rockville, MD 20850
301-838-3218

Attorney for Defendant/Counter-Plaintiff Belay Abere

Bekalu Bayabile
1334 W Street, N.W.
Washington, D.C. 20009

Defendant

Iyossias Tilahun
1208 U Street, N.W.
Washington, D.C. 20009

Defendant

                                        /s/
                                    Martin F. McMahon