# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NEWAY ALEMAYEHU, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 16-0596 (RC) |
| | : | |
| v. | : | Re Document Nos.: 26, 40, 41 |
| | : | |
| BELAY ABERE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This Memorandum Opinion addresses whether Federal Rule 19 requires that certain parties be joined to this lawsuit before it may continue, and it evaluates Plaintiff's two remaining summary judgment arguments. The lawsuit arose from a dispute between Plaintiff Neway Alemayehu and Defendants Belay Abere, Bekalu Bayabile, and Iyossias Tilahun regarding their involvement in a Washington, D.C. restaurant venture. During a recent round of briefing, the Court became aware that two of Mr. Abere's counterclaims implicate the contractual rights of two non-parties. Concerned that Rule 19 may require that the non-parties be joined so that they may protect their interests, the Court directed the parties to provide supplemental briefing on the issue. Having reviewed the briefing, the Court concludes that Rule 19 does not require the non-parties to be joined, and it grants in part and denies Mr. Alemayehu's two summary judgment arguments implicated by the Rule 19 issue.

### II. BACKGROUND

In March 2016, Mr. Alemayehu filed the complaint initiating this lawsuit. *See generally* Compl., ECF No. 1. Mr. Abere, in turn, filed a counterclaim against Mr. Alemayehu, triggering

the briefing that precipitated the Rule 19 issue. *See generally* Countercl., ECF No. 4. In his counterclaim, Mr. Abere asserts breach of fiduciary duty and breach of contract claims premised in part on the allegation that Mr. Alemayehu forged Mr. Abere's signature on a settlement agreement (the "Agreement") with Mr. Abere's sub-tenant, Wilson Concepts, LLC and its proprietor, Garnell Wilson (collectively, the "Wilson Parties"). Countercl. ¶ 30–31. The Agreement allegedly released Mr. Abere's claims against the Wilson Parties arising from the sub-lease. *Id*.

Mr. Alemayehu argues that he should be granted summary judgment on these claims because his alleged forgery could not have harmed Mr. Abere. Pl.'s Mot. Dismiss Alt. Summ. J. ("Pl.'s Mot. Summ. J.") at 8–11, ECF No. 26. According to Mr. Alemayehu, the Agreement was conditioned on Mr. Wilson transferring a liquor license from Wilson Concepts to an LLC created by Mr. Abere, Belayabere Enterprises LLC, and that transfer never occurred. *Id*. Because a necessary condition of the Agreement was not met, Mr. Alemayehu argues, it never became operative and it did not release Mr. Abere's claims. *Id*. In other words, Mr. Alemayehu's defense to these particular counterclaims hinges on whether an agreement between Mr. Abere, a party, and the Wilson Parties, non-parties, was fully executed.

In a prior Memorandum Opinion, the Court recognized the tension created by interpreting an agreement to which a non-party is a signatory. It noted that "the argument advanced by Mr. Alemayehu concerns the enforceability of the Settlement Agreement with Wilson Concepts and Mr. Wilson . . . Yet, those contractual rights are being considered without their participation." *Alemayehu v. Abere*, No. 16-0596, 2018 WL 1129661, at *11 (D.D.C. Feb. 26, 2018). Discharging its "independent duty to raise a Rule 19(a) issue *sua sponte*," it declined to address Mr. Alemayehu's summary judgment arguments related to the Agreement and it ordered the

parties to provide supplemental briefing explaining whether Rule 19 mandates joinder of the Wilson Parties to this lawsuit. *Id.* at *10 (quoting *Cook v. FDA*, 733 F.3d 1, 6 (D.C. Cir. 2013) (internal quotation and alteration omitted)). Having received the parties' supplemental briefing, the Court takes up the issue.

### III. ANALYSIS

#### 1. Rule 19

The Court holds that Rule 19 does not require the Wilson Parties to be joined to the litigation. Rule 19 has three provisions that trigger mandatory joinder of a party, but the only relevant provision here requires that "[a] person . . . must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may, as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i).[1] It is intended to "promote[ ] fair treatment of nonparties in certain circumstances where their interests, and particularly their due process rights, are at risk from litigation between others." *Nanko Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 464 (D.C. Cir. 2017). If a required party cannot be joined, the Court must examine the factors in Rule 19(b) to "determine whether in equity and good conscience, the action should proceed among the parties before it, or should be dismissed, the absent person being regarded as indispensable." Fed. R. Civ. P. 19(b); *see Cherokee Nation of Okla. v. Babbitt*, 117 F.3d 1489, 1495–96 (D.C. Cir. 1997). Here, the Court need not proceed to the second step of the Rule 19 analysis because the Wilson Parties are not required parties.

---

[1] The two other Rule 19(a) threshold provisions are inapplicable here because the Court may grant complete relief in this action without the Wilson Parties' participation, and their non-participation does not expose a party to multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(A), 19(a)(1)(B)(ii).

The parties' sparse briefing on this issue focuses on whether the Court's interpretation of the Agreement would have preclusive effect in subsequent litigation between Mr. Abere and the Wilson Parties. Mr. Alemayehu argues that Rule 19 does not require joinder because "even if [Mr. Alemayehu's] actions were unauthorized and this Court is called upon to determine whether the settlement agreement ever took effect, any such determination would not be binding on the Wilson Parties." Pl.'s Mem. P. & A. Regarding Joinder ¶ 11, ECF No. 40. Thus, the Wilson Parties "would not be prejudiced and their interests would not be put at risk by any determination in this case that the Agreement never took effect." *Id.* ¶ 12. In response, Mr. Abere argues that the "doctrine of collateral estoppel and its potential application are not relevant to the analysis of whether [the Wilson Parties] should be joined as necessary parties." Def.'s Resp. Pl.'s Mem. P. & A. Regarding Joinder ¶ 3, ECF No. 44 (citing *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 409 (3d Cir. 1993)). Both parties oversimplify issue preclusion's role in the analysis, but Mr. Alemayehu's argument is closer to the mark.

The preclusive effect of this Court's ruling is a relevant factor in its Rule 19 analysis, and it weighs against joining the Wilson Parties here. Mr. Alemayehu correctly asserts that because the Wilson Parties are not participating in this litigation, they are not bound by the Court's decisions and will not be precluded from re-litigating the Agreement. *See In re Subpoena Issued to CFTC*, 370 F. Supp. 2d 201, 206 (D.D.C. 2005). The Third Circuit case Mr. Abere cites in his Opposition Brief aptly describes the point at which issue preclusion triggers Rule 19 joinder: "Mere presentation of an argument that issue preclusion is possible is not enough to trigger Rule 19(a)(2)(i). Rather, it must be shown that some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior

4

judgments." *Janney Montgomery Scott, Inc.*, 11 F.3d at 409. That threshold is not met here, because the Wilson Parties are not legally impaired from protecting their interests in subsequent litigation.

The Court's Rule 19 analysis may not stop there; a court may not "proceed without considering the potential effect on nonparties simply because they are not 'bound' in the technical sense." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110 (1968). Given the opportunity, however, Mr. Abere has not described how, in the absence of legally binding effect, the Court's ruling may otherwise practically impair the Wilson Parties. Further, in this District "Rule 19 does not require joinder merely because a case calls for interpretation of an agreement to which a non-party is a signatory." *Saddler v. AMEC Foster Wheeler Env't & Infrastructure, Inc.*, 253 F. Supp. 3d 210, 218 (D.D.C. 2017) (holding non-party was not a required party even though the case concerned breached duties allegedly created by the non-party's contract with the defendant); *see Nanko Shipping, USA*, 850 F.3d at 465 (holding non-party signatory to the contract at issue was not a required party because "due process protects [non-party] from being bound"); *cf. Huber v. Taylor*, 532 F.3d 237, 251 (3d Cir. 2008) (holding that Rule 19 was not triggered where "the outcome of this lawsuit might in some unspecified way have a preclusive effect with respect to some issue material to [the non-parties'] rights in some future lawsuit that may or may not be filed").

That reasoning is dispositive here. The Wilson Parties will not be precluded from fully litigating the Agreement in any subsequent lawsuit with Mr. Abere. Mr. Abere has pointed to no other practical impairment the Wilson Parties may face should they not be joined. And the Wilson Parties have no interest in the core subject of this action, the personal dispute between

Mr. Alemayehu, Mr. Abere, and the other Defendants. Accordingly, the Court will not order that the Wilson Parties be joined.

**2. Remaining Summary Judgment Issues**

Having determined that joinder of the Wilson Parties is not necessary, the Court addresses Mr. Alemayehu's two remaining summary judgment arguments. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). The principal purpose of summary judgment is to streamline litigation by disposing of factually unsupported claims or defenses and determining whether there is a genuine need for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

The Court previously ruled on Mr. Alemayehu's summary judgment motion with respect to three of Mr. Abere's five counterclaims. *Alemayehu*, 2018 WL 1129661, at *9–11. It declined to address the two counterclaims based on Mr. Abere's allegation that Mr. Alemayehu forged his signature on the Agreement. *Id*. First, Mr. Abere claims that when Mr. Alemayehu forged the signature, he breached a fiduciary duty owed to Mr. Abere. Countercl. ¶¶ 39–40. Second, he claims that when Mr. Alemayehu forged the signature, he breached a "Quasi-Contract" or "Agency Contract" with Mr. Abere. Countercl. ¶¶ 46–48. Mr. Alemayehu contends that he is entitled to summary judgment on both claims because his alleged forgery could not have harmed Mr. Abere. Pl.'s Mot. Summ. J. at 8–11. As explained below, the Court

holds that Mr. Alemayehu is entitled to summary judgment on the breach of fiduciary duty claim, but not on the breach of contract claim.

### A. Breach of Fiduciary Duty (Count I)

The Court first addresses Mr. Abere's breach of fiduciary duty claim. To prevail at trial on this claim, Mr. Abere "must prove facts sufficient to establish the following: (1) the defendant owed plaintiff a fiduciary duty; (2) defendant breached that duty; and (3) the breach proximately caused an injury." *Dorsey v. Am. Express Co.*, 680 F. Supp. 2d 250, 254 (D.D.C. 2010). Mr. Abere alleges that Mr. Alemayehu's forgery breached a duty and caused injury by releasing certain monetary claims that he would otherwise assert against the Wilson Parties. Countercl. ¶¶ 39–40. Mr. Alemayehu argues, however, that because a condition of the Agreement was not met, it never became operative and Mr. Abere's claims against Wilson Concepts were not actually released. Pl.'s Mot. Summ. J. at 8–11. As a result, Mr. Alemayehu contends, Mr. Abere did not suffer the injury required to make out a breach of fiduciary duty claim. *Id*.

The parties do not dispute that the Agreement bearing Mr. Abere's allegedly forged signature never became operative. The Agreement was conditioned on the transfer of a liquor license from Wilson Concepts to Belayabere Enterprises LLC. *See* Pl.'s Mot. Summ. J. Ex. 1 at 2 ("As an essential term of this Release, WC LLC shall transfer the Liquor License to Belayabere."), ECF No. 26-1. And Mr. Abere does not challenge Mr. Alemayehu's showing that the license was not transferred to the LLC. *See* Def.'s Mem. P. & A. Opp'n Pl.'s Mot. Summ. J. at 9–11, ECF No. 28; Pl.'s Reply Supp. Mot. Summ. J. ("Pl.'s Reply") Ex. A, Abere Dep. 79:19–80:1, ECF No. 29-1; *cf.* Pl.'s Reply Ex. D, Abere Dep. 87:1–90:21 (describing a later Settlement Agreement between Mr. Abere and the Wilson Parties in which the Wilson Parties agreed to transfer the liquor license to Mr. Abere individually in return for $5,000), ECF No. 29-4; Pl.'s

7

Reply Ex. C, ABC License Purchase Agreement (the later Settlement Agreement), ECF No. 29-3. Therefore, Mr. Abere concedes that the Agreement was not executed and did not release his claims against the Wilson Parties.

"[B]reach of fiduciary duty is not actionable unless injury accrues to the beneficiary or the fiduciary profits thereby." *Beckman v. Farmer*, 579 A.2d 618, 651 (D.C. 1990). Mr. Abere was not injured by the alleged forgery because the Agreement did not waive his claims against the Wilson Parties, the only injury he asserts. Because he did not suffer an injury, Mr. Abere cannot as a matter of law make out a breach of fiduciary duty claim with respect to this issue, and the Court must grant Mr. Alemayehu's summary judgment motion.[2]

### B. Breach of Contract (Count III)

The Court next addresses Mr. Abere's breach of contract claim.[3] To prevail at trial on this claim, Mr. Abere must establish: "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by [the] breach." *Logan v. LaSalle Bank Nat'l Ass'n*, 80 A.3d 1014, 1023 (D.C. 2013). As with the breach of fiduciary duty claim, Mr. Alemayehu argues that Mr. Abere's breach of contract claim must fail because the Agreement was never operative, and therefore Mr. Abere never suffered damages. Pl.'s Mot. Summ. J. at 8–10.

---

[2] Mr. Abere also alleges that Mr. Alemayehu breached a fiduciary duty when he was acting as the restaurant's manager because he failed to pay various expenses, including taxes, employee salaries, and vendor invoices and was unable to account for over $110,422.81 in gross receipts for the business. Countercl. ¶ 38. In its prior Memorandum Opinion, the Court denied Mr. Alemayehu's motion for summary judgment on this claim, and the Court's holding here does not alter that ruling. *Alemayehu*, 2018 WL 1129661, at *9 n.6.

[3] Mr. Abere styles this claim as "Quasi-Contract/Breach of Agency Contract," but in its prior Memorandum Opinion the Court assumed, to avoid duplicating Mr. Abere's breach of fiduciary duty claim, that Mr. Abere intended to assert a breach of contract claim. *Alemayehu*, 2018 WL 1129661, at *9 n.5.

Where Mr. Alemayehu's argument succeeds with respect to the fiduciary duty claim, it fails with respect to the breach of contract claim because this District's law treats damages differently for that claim. While a breach of fiduciary duty claim requires a plaintiff to show injury, *see Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 82 F. Supp. 3d 344, 353–54 (D.D.C. 2015), a breach of contract claim may proceed even if the plaintiff only seeks nominal damages. *See Alston v. Flagstar Bank, FSB*, 609 Fed. Appx. 2, 3 (D.C. Cir. 2015) ("[T]he settled rule in the District is that '[e]ven where monetary damages cannot be proved, a plaintiff who can establish a breach of contract is entitled to an award of nominal damages.'") (quoting *Wright v. Howard Univ.*, 60 A.3d 749, 753 (D.C. 2013)). Because Mr. Alemayehu's summary judgment argument is based on the Agreement's enforceability, and because the Agreement's enforceability is not material since it bears on the size of the potential damages rather than the occurrence of a breach, the Court must deny Mr. Alemayehu's summary judgment motion on this claim. *See Anderson*, 477 U.S. at 248.

### IV. CONCLUSION

For the foregoing reasons, Mr. Alemayehu's Motion for Summary Judgment is **GRANTED IN PART** with respect to Count I (Breach of Fiduciary Duty) and **DENIED** with respect to Count III (Breach of Contract). An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: May 23, 2018                                                                                      RUDOLPH CONTRERAS
                                                                                                                          United States District Judge